**UNITED STATES of America, Appellee**

v.

**Harry SETTLES, Appellant.**

Nos. 04–3161, 04–3176.

United States Court of Appeals,
District of Columbia Circuit.

March 2, 2006.

Roy Wallace McLeese, III, David Brian Goodhand, Thomas J. Tourish, Jr., Stuart G. Nash, Assistant U.S. Attorneys, Patricia Ann Heffernan, Kenneth L. Wainstein, U.S. Attorney's Office, Washington, DC, for Appellee.

Dennis M. Hart, Law Office of Dennis M. Hart, Washington, DC, for Appellant.

Before: BROWN and GRIFFITH, Circuit Judges, and EDWARDS, Senior Circuit Judge.

## JUDGMENT

PER CURIAM

This case was considered on the record from the United States District Court for the District of Columbia, and was briefed and argued by counsel. It is

**ORDERED** and **ADJUDGED** that appellant's conviction is affirmed, and that the case is remanded to allow the District Court to assess appellant's sentence under the applicable legal standards governing sentencing.

■ On appellant's challenge to his conviction, we affirm. We find no merit to any of the claims raised by appellant in this appeal. His conviction of two separate counts of unlawful distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) (2000) is supported by sufficient evidence. The District Court did not abuse its discretion in denying appellant's motion for severance, because the testimony introduced against his co-defendant was not "'far more damaging' than the evidence against" him, and there is no indication that "'prejudicial spillover may have deprived [appellant] of a fair trial.'" *United States v. Manner,* 887 F.2d 317, 324 (D.C.Cir.1989) (intenal citations omitted). Finally, appellant did not move to suppress physical evidence on Fourth Amendment grounds in the District Court, so that issue is waived. *United States v. Weathers,* 186 F.3d 948, 952 (D.C.Cir.1999) ("[U]nless 'cause' is shown" a claim waived under FED R.CRIM. P. 12(f) "'may not later be resurrected' on appeal.") (internal citation omitted) (note that FED R.CRIM. P. 12(f) was renamed FED R.CRIM. P. 12(e) in 2002).

■ On the Government's cross-appeal challenging appellant's sentence, we remand. The sentence imposed by the District Court was indisputably well within the authority of the trial court. Government counsel conceded as much at oral argument. The Government claims, however, that the District Court misconstrued its sentencing authority after the Supreme Court issued its decision in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We agree that the District Court, concerned about *Blakely* and without the guidance of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), may have misunderstood the full range of its sentencing authority. We are therefore constrained to remand the case. *See United States v. Price,* 409 F.3d 436, 443 (D.C.Cir. 2005).

In remanding, however, "[w]e do not mean to suggest that the District Court is required to adhere to the Sentencing Guidelines." *Id.* Nor do we mean to imply that the original sentence is infirm in any way. As counsel for the Government agreed at oral argument, the sentence imposed by the District Court is within the authority of the trial court. We remand

only so that the District Court has the opportunity to act with full understanding of its authority. "The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Booker*, 543 U.S. at 264, 125 S.Ct. 738. However, the Supreme Court has also made it clear that, in addition to consulting the Guidelines, district courts may "tailor the sentence in light of other statutory concerns as well." *Id.* at 245–46, 125 S.Ct. 738. This is so, because post-*Booker*, the Guidelines are "advisory." *Id.* at 245, 125 S.Ct. 738.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc.* *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.